555 So.2d 351 (1989)
Adrian AVERY, Petitioner,
v.
STATE of Florida, Respondent.
No. 73289.
Supreme Court of Florida.
November 30, 1989.
Rehearing Denied February 2, 1990.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for petitioner.
Richard A. Butterworth, Atty. Gen., and Richard G. Bartmon and Amy Lynn Diem, Asst. Attys. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review State v. Avery, 531 So.2d 182, 188 (Fla. 4th DCA 1988), in which the district court certified the following question to be of great public importance:
May evidence, obtained as a result of defendant's consent to search, be suppressed by the trial court as "coerced" upon the sole ground that the officer(s) boarded a bus (or other public transport) and randomly sought consent from passengers?
We have discretionary jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed in Bostick v. State, 554 So.2d 1153 (Fla. 1989), we answer the certified question, as rephrased therein, in the affirmative, quash the opinion of the district court, and remand to the district court for proceedings consistent with Bostick.
It is so ordered.
EHRLICH, C.J., and SHAW and KOGAN, JJ., concur.
*352 GRIMES, J., dissents with an opinion, in which OVERTON and McDONALD, JJ., concur.
GRIMES, Justice, dissenting.
I dissent for the reasons expressed in my dissenting opinion in Bostick v. State, 554 So.2d 1153 (Fla. 1989).
OVERTON and McDONALD, JJ., concur.